UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re:<br><br>KENT DOUGLAS POWELL and HEIDI POWELL,<br><br>        Debtors.<br><br>KENT DOUGLAS POWELL and HEIDI POWELL,<br><br>        Appellants,<br><br>        v.<br><br>DENNIS LEE BURMAN,<br><br>        Appellee. | Case No. C17-1268RSL<br><br>Bankr. Case No. 12-11140MLB<br><br>ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER/STAY PENDING APPEAL |

This matter comes before the Court on bankruptcy appellants' "Motion for Temporary Restraining Order/Stay Pending Appeal." Dkt. # 4. For the reasons articulated below, appellants' motion is DENIED.

## I.    BACKGROUND

In February 2012, appellants Kent and Heidi Powell (hereinafter "the Powells") filed for bankruptcy under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 101, *et seq*. They failed to

include in their schedule of exempt property the internet domain www.heidipowell.com, a domain name Heidi Powell apparently used to host her personal email and to publicly list professional information. Months after the Powells' case closed, they were approached by a different Heidi Powell (referred to by the parties and Bankruptcy Judge as "Arizona Heidi Powell"), who was apparently a cast member on the former ABC series "Extreme Weight Loss" and who sought to buy the domain for her own purposes. Arizona Heidi Powell's efforts to buy the domain were unsuccessful, as was her attempt to obtain it through a lawsuit before the United States District Court for the District of Arizona. After Arizona Heidi Powell discovered the domain was not listed in the family's bankruptcy schedules, she alerted the Powells' bankruptcy trustee and offered to buy the domain for $10,000.[1]

The trustee reopened the Powells' bankruptcy case, and brought a motion to sell the domain. Bankr. Dkt. ## 20, 25. The Powells responded by submitting an amendment to their bankruptcy schedules that listed the domain as exempt property, which the Bankruptcy Court approved. Bankr. Dkt. #50. They valued the domain at $7.99 (the registration fee paid to GoDaddy.com), and additionally claimed it as a $7,945.01 exemption on their amended schedules. Bankr. Dkt. # 30. The Bankruptcy Court ultimately determined the right to use the domain name was an executory contract. Dkt. # 4-2 at 330. Regarding the trustee's motion to sell the rights associated with that contract, the Bankruptcy Court determined that the Powells' failure to previously declare the domain meant the estate had the right to be counterparty to the contract and to make use of what value existed in excess of the Powells' $7,945.01 exempted interest. Dkt. # 4-2 at 327, 344. The Bankruptcy Court authorized the trustee to assume the domain's contract rights, to sell those rights, and to remit to the Powells the $7,945.01 value of their exempted interest. Bankr. Dkt. # 76. The Powells unsuccessfully sought a stay from the Bankruptcy Court pending appeal. Bankr. Dkt. # 98. The Powells then filed an appeal with this

---

[1] After the Bankruptcy Court reopened the Powells' case, Arizona Heidi Powell increased her offer to $20,000, but there remains the possibility that with further delay she could withdraw the offer.

Court, and filed a motion for a temporary restraining order preventing the sale and for a stay of the Bankruptcy Court's order pending this appeal. Dkt. # 4.

## II. DISCUSSION

The Court evaluates a motion for a temporary restraining order and stay pending appeal under the familiar standard that weighs a party's "likelihood of success on the merits, the possibility of irreparable injury, the relative hardship of the parties, and the public interest." Nautilus Grp., Inc. v. Icon Health & Fitness, Inc., 308 F. Supp. 2d 1208, 1216 (W.D. Wash. 2003). Likelihood of success on the merits is the most important factor, and a party seeking a stay or temporary restraining order will not succeed without passing that threshold inquiry. Garcia v. Google, Inc., 786 F.3d 733, 740 (9th Cir. 2015).

The Court denies the Powells' motion because they are not likely to succeed on the merits of their appeal based on the record before the Court. The Powells argue the Bankruptcy Court should have engaged the hypothetical of how their bankruptcy would have proceeded had they properly scheduled the domain before their bankruptcy closed the first time. That, however, was not the case. At the time the Powells filed an amended exemption schedule, the Bankruptcy Court had already reopened their case and the trustee had already reasonably revalued the domain contract. The Powells cite no authority for the proposition that an approved exemption during a reopened bankruptcy causes the exempted property to be hypothetically evaluated as if it were part of the original proceedings. In fact, by failing to schedule the domain in their original bankruptcy, the Powells yielded it to the estate. See 11 U.S.C. § 554(c), (d). When the Bankruptcy Court approved their amended exemption, it entitled them to an interest in the domain equal to the approved exemption. Any value of the asset in excess of that interest belongs to the estate, and the trustee is entitled to use that value to pay off the Powells' remaining unsecured creditors. See In re Gebhart, 621 F.3d 1206, 1209 (9th Cir. 2010).

Washington State's personality rights statute does not change that conclusion. The Washington Personality Rights Act, RCW 63.60.010, provides that "[e]very individual or personality has a property right in the use of his or her name, voice, signature, photograph, or

likeness." The Powells argue that allowing a sale of www.heidipowell.com is tantamount to selling debtor-appellant Heidi Powell's personality rights. Personality rights, however, do not afford each individual the right to exclude others from the commercial use of a name. Rather, personality rights protect a person's right to control the use of her name insofar as it reflects the commercial use of her identity. See 1 J. Thomas McCarthy, Rights of Publicity and Privacy § 3:1 (2d ed. 2015 & Supp. 2017) ("The right of publicity is simply the inherent right of every human being to control the commercial use of his or her identity."). Nothing in the record suggests Arizona Heidi Powell seeks to use the domain or the name "Heidi Powell" in any way that traces back to the identity of debtor-appellant Heidi Powell. For that reason, the sale of the contract rights associated with the domain do not implicate the latter Heidi Powell's personality rights.

For the foregoing reasons, the Powells' motion is DENIED.

DATED this 11th day of September, 2017.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge